UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
File No.: 5:25-CT-03157-M-RJ

JOSEPH CORNELL CORBETT, III,
　　　　　Plaintiff,

v.

WARDEN MARY LOCKLEAR, *et al.*,
　　　　　Defendants.

**ANSWER**
**(Jury Trial Demanded)**

NOW COME Defendants Gavin Lowry[1] and Keno White (hereinafter "Defendants"), by and through Undersigned Counsel, answering Plaintiff's Complaint (DE-1) as follows:

### FIRST DEFENSE – ANSWER

Except as specifically admitted herein, Defendants deny all allegations and requests for relief in Plaintiff's Complaint. Otherwise, Defendants respond as follows to Sections of the Complaint:

I.　　Complaint

It is admitted that Plaintiff purports to bring a claim under 42 U.S.C. § 1983, but all such claims and demands for relief are denied. Except as admitted herein, denied.

---

[1] Incorrectly spelled in the Complaint as "Lowery."

II.   Plaintiff Information

It is admitted that Plaintiff is an incarcerated inmate, with the Prisoner ID # of 0795024, although he is now housed at Maury Correctional Institution.

III.   Prisoner Status

It is admitted that Plaintiff was convicted in 2019 for Second Degree Murder and Possession of Firearm by a Felon and was sentenced to the custody of the North Carolina Department of Adult Corrections.

IV.   Defendants' Information

It is admitted that Defendants Keno White and Correctional Officer Gavin Lowry were working at Lumberton Correctional Institution at the relevant time. Except as admitted herein, denied.

V.   Statement of Claim

It is admitted that Defendants took Plaintiff into the shower area of B-Dorm Wing 4 to perform a complete search. It is admitted that Plaintiff removed his shirt and Defendants observed a weapon in his hand. It is admitted that, when Plaintiff refused orders to surrender the weapon, it became necessary for Defendants to administer Pepper Spray. It is admitted that when Plaintiff continued to refuse orders, it became necessary for Defendants to apply physical force. It is admitted that Defendants placed Plaintiff in handcuffs. It is admitted that Defendants escorted Plaintiff to decontamination. It is admitted that while Defendants were escorting Plaintiff, he

continued to resist, and it became necessary for Defendants to apply force again. Except as admitted herein, Defendants either deny the remaining allegations or lack sufficient information to admit or deny the remaining allegations; regardless, the remaining allegations are denied.

## Administrative Procedures

Defendants are currently without sufficient information to admit or deny the allegations contained herein, and therefore, they are denied.

## Relief

It is denied that Plaintiff is entitled to any relief.

## Prisoner's Litigation History

Defendants are currently without sufficient information to admit or deny the allegations contained herein, and therefore, they are denied.

## **SECOND DEFENSE – SOVEREIGN IMMUNITY**

Plaintiff's claims against Defendants in their official capacities are barred by sovereign immunity in that the State of North Carolina has not consented to suit or otherwise waived such immunity.

## **THIRD DEFENSE – QUALIFIED IMMUNITY**

Qualified immunity shields the Defendant in their individual capacity from Plaintiff's claims against them for monetary damages, if any, as Defendant did not

violate any clearly established federal law or constitutional rights of which a reasonable person would have known.

## FOURTH DEFENSE – PUBLIC OFFICIAL IMMUNITY

To the extent that the Court interprets Plaintiff's claims as bringing any common law claims, Defendants are entitled to public official immunity because Defendants did not act with malice, corruption, or otherwise outside the scope of their authority.

## FIFTH DEFENSE – FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

To the extent that Plaintiff was required to exhaust his administrative remedies in prison, and it is determined that he failed to do so, Defendants assert that such failure bars Plaintiff's claims.

## SIXTH DEFENSE – NO PROXIMATE CAUSE

Defendants' conduct was at all times in accordance with the applicable standards of care and no alleged act or alleged failure to act was the proximate cause of any injury to Plaintiff.

## SEVENTH DEFENSE – FAILURE TO STATE A CLAIM

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff fails to state a claim upon which relief can be granted, and Defendants plead this failure in bar of Plaintiff's claims against them.

## EIGHTH DEFENSE – INTERVENING AND SUPERSEDING CAUSE

To the extent it is determined that the actions or omissions of any other person(s) was a proximate cause of injury to Plaintiff and thereby interrupted the casual relationship between any alleged (but denied) wrongful actions of Defendants with respect to the alleged injury to Plaintiff, Defendants plead such intervening and superseding actions as a complete bar against any recovery by Plaintiff from Defendants in this matter.

## NINTH DEFENSE – ASSUMPTION OF RISK

To the extent it is determined that Plaintiff knew of a condition inconsistent with his safety and voluntarily chose to be exposed to that condition, resulting in his injury, then Defendants plead Plaintiff's assumption of risk as a complete bar.

## TENTH DEFENSE – FAILURE TO MITIGATE DAMAGES

To the extent it is determined that Plaintiff failed to mitigate his damages, Defendants plead such failure as a bar to Plaintiff's claims, or alternatively, as an offset to Plaintiff's alleged damages.

## ELEVENTH DEFENSE – NO PUNITIVE DAMAGES

Plaintiff's Complaint fails to allege sufficient facts to state a claim for punitive damages against Defendants, and Defendants plead such failure in bar of any such recovery. Specifically, Plaintiff's Complaint fails to allege specific facts sufficient to

make out the level of intentional conduct, reckless disregard of injury, or evil motive/intent by Defendants required to support a claim for punitive damages.

## RESERVATIONS OF RIGHTS

Without waiving any other defenses or immunities asserted herein, Defendant asserts any and all other legal or equitable defenses and/or immunities that currently exist and/or may be discovered hereinafter.

## PRAYER FOR RELIEF

WHEREFORE, Defendants hereby pray the Court as follows:

1. That Plaintiff's Complaint be dismissed with prejudice;

2. That Plaintiff have and recover nothing from Defendants;

3. That the costs of this action, including reasonable attorneys' fees, be taxed against Plaintiff;

4. For a trial by jury on all issues so triable; and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted this the 20th day of February, 2026.

        JEFF JACKSON
        Attorney General

        /s/ Sarah M. Varela
        Sarah M. Varela (N.C.S.B. No. 62726)
        Assistant Attorney General
        North Carolina Department of Justice
        P.O. Box 629

Raleigh, North Carolina 27699-9001
Telephone: 919-716-6638
Facsimile: 919-716-6761
svarela@ncdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, and that I caused the foregoing document to be served on all non-CM/ECF participant(s) by U.S. Mail, postage prepaid, addressed as follows:

>Joseph Cornell Corbett, III
>OPUS No. 0795024
>Maury Correctional Institution
>P.O. Box 506
>Maury, NC 28554
>*Pro Se Plaintiff*

This the 20th day of February, 2026.

/s/ Sarah M. Varela
Sarah M. Varela
Assistant Attorney General